*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ZERVOS, Minors.

UNPUBLISHED
June 12, 2025
1:57 PM

No. 369873
Wayne Circuit Court
Family Division
LC No. 2023-000726-NA

Before: K. F. KELLY, P.J., and O'BRIEN and ACKERMAN, JJ.

PER CURIAM.

This termination of parental rights case concerns respondent-father's sons, CAZ and MAZ, and arises from his prolonged and severe sexual and physical abuse of their half-sister, JFS. The trial court exercised jurisdiction over CAZ and MAZ but declined to terminate respondent's parental rights, finding that termination was not in their best interests. Because the trial court erred by proceeding directly to the best-interests analysis without first determining whether a statutory ground for termination existed under MCL 712A.19b(3), we vacate its order and remand for further proceedings.

The trial court held a combined adjudication and termination hearing but took the matter under advisement without making findings on the record. It later entered a written order exercising jurisdiction over the minors but concluding that termination was not in their best interests. The court dismissed the petition and released the children to their nonrespondent mother. In doing so, it made no findings regarding statutory grounds under MCL 712A.19b(3), stating only: "Now that the court has found jurisdiction, the next step is to look at best interests." Even when a court declines to terminate parental rights, it must "state on the record or in writing its findings of fact and conclusions of law." MCR 3.977(I)(1)-(2). Skipping the statutory-grounds analysis altogether was a clear procedural defect that warrants remand.

We therefore vacate the trial court's order and remand for further proceedings. On remand, the court must determine whether petitioner established a statutory ground for termination under MCL 712A.19b(3). If it finds such a ground, the court must then consider whether termination is in the best interests of the children, giving appropriate weight to the doctrine of anticipatory neglect

and respondent's treatment of JFS.  See, e.g., *In re Mota*, 334 Mich App 300, 323; 964 NW2d 881 (2020) (rejecting the respondent's "pseudo-psychological argument" that he was not a danger to boys, emphasizing that "abuse is abuse").


/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien
/s/ Matthew S. Ackerman